IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:22-cv-00022

| | |
|---|---|
| Jeffrey B. Rogers, ) | |
|     Plaintiff, ) | COMPLAINT |
| v. ) | Negligence |
| James A. Glasco; ) | (Tractor-Trailer Collision) |
| Glasco Trucking, LLC; ) | JURY TRIAL DEMANDED |
| K. L. Breeden & Sons, LLC, ) | |
|     Defendants. ) | |

The Plaintiff, complaining of the defendants, alleges and says as follows;

## I.
## PARTIES

1. Plaintiff, Jeffrey B. Rogers, (Plaintiff) is an adult citizen and resident of Fayetteville, Cumberland County, North Carolina.

2. Defendant, James Glasco (hereinafter "Glasco") is an adult citizen and resident of the state of Georgia, United States.

3. Defendant, Glasco Trucking, LLC (hereinafter "Glasco Trucking") is a Georgia corporation in the business of interstate commercial transportation, with its registered agent, James Glasco, and with a registered agent address of 1610 Summit Pt. Snellville, Georgia, 30078, United States.

4. Defendant K. L. Breeden & Sons, LLC (hereinafter KLB) is a limited liability company existing under the laws of the state of Texas with a principal place of business address and its registered agent David Breeden's address located at 104 W. High Street Terrell Texas 75160.

1

## II.
## JURISDICTION

5. The United States District Court for the Eastern District of North Carolina has jurisdiction over this matter by virtue of the Diversity of Citizenship provision of 28 U.S.C. § 1332, and the amount in controversy is in excess of $75,000.00.

6. Venue is appropriate in the United States District Court Eastern District of North Carolina under 28 U.S.C. § 1391 because acts or omissions alleged herein, as well as the resulting injuries, and damages, occurred within this district.

## III.
## FACTS

7. This action arises out of a tractor trailer truck and automobile collision at I-95 South, Exit 49, in Cumberland County, North Carolina, which resulted in severe injuries to the plaintiff.

8. On July 5 2019, plaintiff was traveling south on interstate 95 while driving a 1996 Chevrolet automobile. The plaintiff was traveling toward his home in Red Springs North Carolina after spending the day as a coach for his grandson's team at a baseball tournament in Dunn, North Carolina.

9. At about 9:17 p.m. on July 5 2019, defendant Glasco drove a 2014 Volvo tractor trailer truck and trailer (tractor trailer rig) into the rear of the

Chevrolet automobile that plaintiff was driving on Interstate 95.

10. Prior to and at the time of the collision, the defendant Glasco approached the plaintiff's vehicle from behind in the same lane of travel. Prior to the collision, defendant Glasco did not apply the brakes, did not reduce the speed of the tractor trailer rig, and did not take any action to prevent the collision. At the time of the impact, the defendant Glasco was traveling approximately 70 miles per hour.

11. The impact of the collision forced the Chevrolet vehicle that plaintiff was driving to leave the roadway, roll over multiple times, and strike a tree.

12. The collision caused the Chevrolet vehicle which the plaintiff was driving to suffer extensive damage, and to burst into flames.

13. The plaintiff was trapped in the vehicle, upside down, for a period of time because the car flipped and caught on fire and smashed into a tree.

14. As a result of the collision, the plaintiff suffered very serious, permanent, and very painful injuries.

15. The defendant Glasco caused the collision when he drove the tractor trailer rig into the rear of the automobile that plaintiff was driving.

16. At all relevant times, defendant Glasco Trucking and defendant KLB were in the business of providing commercial transportation services to clients.

17. On July 5 2019, at the time of the collision, defendant Glasco was the

driver, operator and owner of the 2014 Volvo Tractor-Trailer truck owned by defendant Glasco Trucking.

18. On July 5 2019, at the time of the collision, defendant Glasco Trucking and/or the defendant Glasco were the owners of the 2014 Volvo Tractor-Trailer truck driven and operated by defendant Glasco.

19. On July 5 2019, at the time of the collision, defendant KLB was the lessee of the 2014 Volvo Tractor-Trailer truck driven and operated by defendant Glasco, and the defendant KLB was either the owner of the trailer that was being hauled by defendant Glasco or the defendant KLB was under contract to transport the trailer being hauled by defendant Glasco at the time of the collision.

## IV.
## NEGLIGENCE - NORTH CAROLINA COMMON LAW

20. Plaintiff incorporates the allegations contained in paragraphs 1 through 19 as if fully set out herein.

21. The defendant Glasco owed the plaintiff a duty of reasonable care in the operation of the tractor trailer rig on July 5 2019 at the time of the collision described herein.

22. The defendant Glasco, in driving the tractor trailer rig into the rear of the Chevrolet automobile that plaintiff was driving, breached the duty of reasonable care owed the plaintiff, and was negligent under North Carolina law.

23. The defendant Glasco was negligent in his operation of the tractor trailer rig.

24. The defendant Glasco's negligence includes but is not limited to the following conduct of the defendant:

   a. Defendant Glasco drove the tractor trailer rig while not looking at the roadway in front of him;

   b. Defendant Glasco drove the tractor trailer rig while distracted;

   c. Defendant Glasco failed to see what he should have seen on the roadway in front of him;

   d. Defendant Glasco operated the Tractor-Trailer Rig in a manner that was not reasonable and prudent under the circumstances then existing and without due care and caution for the safety of the plaintiff and others;

   e. Defendant Glasco drove the Tractor-Trailer Rig without due caution and circumspection and in a manner to endanger or, be likely to endanger, other persons or property, including plaintiff;

   e. Defendant Glasco failed to maintain a proper lookout and keep his vehicle under proper control;

   f. Defendant Glasco failed to reduce speed to the extent necessary to avoid a collision with plaintiff;

   g. Defendant Glasco drove into the rear of the vehicle that the plaintiff was driving;

   h. Defendant Glasco failed to stop in time to avoid an accident;

   i. Defendant Glasco failed to pass at least two feet to the left of the vehicle and not again drive to the right side of the highway until safely clear of such overtaken vehicle;

   j. Defendant Glasco operated his vehicle in a careless and reckless manner, without due caution and circumspection;

   k. Defendant Glasco operated the tractor trailer rig in violation of his

training; and/or,

l. Defendant Glasco operated the tractor trailer rig in violation of federal regulations that govern commercial truckers engaged in interstate travel.

25. The plaintiff was not negligent in any way.

26. As a direct and proximate result of said conduct of the defendant Glasco, the plaintiff has suffered serious, painful, and permanent bodily injuries causing medical and other expenses, mental and emotional stress, anxiety, depression, anguish, and other damages as may be proven at trial.

27. For an extended period of time prior to the collision, the defendant Glasco was holding his cell phone in his hand, and was actively using his cell phone to surf the internet, to view information on his cell phone, to talk on his cell phone, and to send and receive text messages on his cell phone.

28. For an extended period of time prior to the collision, the defendant Glasco was driving while distracted, as described above and as further determined through this litigation.

29. For an extended period of time prior to the collision, the defendant Glasco was not looking at the roadway in front of him.

30. Defendant Glasco knew, through his training and experience that the conduct in which he was engaging was likely to cause serious bodily injury to someone in a vehicle in the roadway in front of him.

31. Defendant Glasco drove the tractor trailer rig in conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm.

32. The conduct of the defendant that resulted in the collision and injury to the plaintiff was willful and wanton.

33. Defendant Glasco is liable to plaintiff for punitive damages as a result of such conduct.

34. Defendant Glasco's negligence was a direct and proximate cause of the collision and the resulting injuries and damages to plaintiff and plaintiff is entitled to recover compensatory and punitive damages against the defendant Glasco.

## V.
## VICARIOUS LIABILITY OF GLASCO TRUCKING, LLC

35. Plaintiff incorporates the allegations contained in the paragraphs 1 through 34 as if fully set out herein.

36. At all relevant times, defendant Glasco was the agent, servant, and employee of defendant Glasco Trucking and acting within the course and scope of his employment, such that defendant Glasco's negligence is imputed to defendant Glasco Trucking, under the theory of respondeat superior.

37. At the time of the collision, the defendant Glasco was driving a tractor

trailer truck that was owned by Glasco Trucking but leased to KLB, and he was hauling a trailer that was either owned by KLB, or being hauled under contract by KLB.

38. KLB had assigned the 2014 Volvo Tractor Trailer Truck to defendant Glasco for use in the day to day operations of KLB, for purposes of transporting trailers either owned by KLB, or being hauled under contract by KLB to various locations.

39. Defendant Glasco Trucking knew that defendant Glasco would be operating the 2014 Volvo Tractor-Trailer Rig in his employment with defendant Glasco Trucking and knew that the Tractor-Trailer Rig would be under the control of defendant Glasco for the benefit of defendant Glasco Trucking and within the scope and course of defendant Glasco's employment with defendant Glasco Trucking.

40. Defendant Glasco Trucking exercised control over the use and/or operations of the 2014 Volvo Tractor-Trailer Rig, and the defendant Glasco Trucking permitted, allowed, and consented to defendant Glasco operating the Tractor-Trailer Rig at all times relevant to this Complaint.

41. As a direct and proximate result of said conduct of the defendant Glasco, the, plaintiff has suffered serious, painful, and permanent bodily injuries causing medical and other expenses, mental and emotional stress, anxiety,

depression and anguish, and other damages as may be proven at trial.

42. At all times relevant hereto, defendant Glasco was acting as an agent for defendant Glasco Trucking, and was acting within the course and scope of his employment, such that defendant Glasco Trucking is responsible for the negligent actions of defendant Glasco, as previously set forth in this Complaint.

43. The Plaintiff is entitled to recover compensatory damages from the defendant Glasco Trucking.

## VI.
## VICARIOUS LIABILITY OF DEFENDANT KLB

44. Plaintiff incorporates the allegations contained in the paragraphs 1 through 43 as if fully set out herein.

45. At the time of the collision as set out herein, the defendant Glasco was driving a 2014 Volvo Tractor Trailer Truck rig that had been assigned to Glasco to drive and haul by the defendant KLB, for use in the day to day operations of KLB, for purposes of transporting trailers either owned by KLB, or being hauled under contract by KLB to various locations.

46. KLB controlled which tractor trailer truck the defendant Glasco drove.

47. KLB controlled which trailer the defendant Glasco hauled.

48. KLB controlled the route and the schedule of the route that defendant Glasco drove.

49. KLB controlled the location and length of the defendant Glasco's rest

breaks.

50. KLB had management level employees who supervised defendant Glasco.

51. KLB has taken action to discipline Glasco and/or similar drivers for violation of KLB company policies, such as tardiness, safety violations, and absences.

52. KLB conducted and required safety trainings for defendant Glasco and similar truck drivers.

53. The defendant Glasco was an employee of the defendant KLB as defined by state and federal law because of the significant control that KLB exercised over the duties performed by defendant Glasco, and the provision by KLB of the tools to perform the duties, i.e., the tractor trailer truck and trailer.

54. Defendant KLB knew that defendant Glasco would be operating the 2014 Volvo Tractor-Trailer Rig in his employment with defendant KLB and knew that the Tractor-Trailer Rig would be under the control of defendant Glasco for the benefit of defendant KLB and within the scope and course of defendant Glasco's employment with defendant KLB.

55. Defendant KLB exercised control over the use and/or operations of the 2014 Volvo Tractor-Trailer Rig, and the defendant KLB permitted, allowed, and consented to defendant Glasco operating the Tractor-Trailer Rig at all times

relevant to this Complaint.

56. At all times relevant hereto, defendant Glasco was acting as an employee and agent for defendant KLB, and was acting within the course and scope of his employment, such that defendant KLB is responsible for the negligent actions of defendant Glasco, as previously set forth in this Complaint.

57. As a direct and proximate result of said conduct of the defendant Glasco, the, plaintiff has suffered serious, painful, and permanent bodily injuries causing medical and other expenses, mental and emotional stress, anxiety, depression and anguish, and other damages as may be proven at trial.

58. The Plaintiff is entitled to recover compensatory damages from the defendant KLB.

## VII.
## LAST CLEAR CHANCE

59. Plaintiff incorporates the allegations contained in the paragraphs 1 through 58 as if fully set out herein.

60. In anticipation of the defendants' allegation of contributory negligence against the plaintiff, the plaintiff does hereby assert the Last Clear Chance Doctrine as a defense to the defendants' allegation of contributory negligence.

61. The defendant Glasco had the last clear chance to avoid the collision and injury to the plaintiff, and the defendant Glasco negligently failed to exercise

that last clear chance to avoid the collision and injury.

62. Plaintiff was in a position of peril on July 5 2019 as he traveled down interstate 95 in North Carolina driving a vehicle that experience unexpected mechanical problems. The defendant Glasco was driving a tractor trailer rig that struck the car that the plaintiff was driving.

63. The vehicle that plaintiff was driving was visible to defendant Glasco, in the exercise of reasonable care, in sufficient time for the defendant Glasco to recognize the vehicle's presence in the roadway and take action to prevent the collision.

64. The defendant Glasco could have and should have avoided the collision by the exercise of reasonable care, in that he saw or should have seen plaintiff in a position of peril, and should have taken action to prevent or avoid the collision. Moreover, the defendant, through the exercise of reasonable care, had the time and ability to avoid the injury to plaintiff.

65. The defendant Glasco failed to exercise reasonable care and did not take any measures to avoid the collision. The defendant Glasco did not see the vehicle in the road, did not apply the brakes, did not slow down, and the defendant Glasco did not take any evasive action to avoid the collision, and thereby caused the collision with the vehicle that plaintiff was driving.

66. The defendant Glasco knew or, by the exercise of reasonable care,

should have discovered plaintiff's perilous position and his incapacity to escape from it; and the defendant Glasco had the time and ability to avoid the injury by the exercise of reasonable care; and that the defendant Glasco negligently failed to use available time and means to avoid injury to plaintiff. As a result, plaintiff was injured.

67. At all relevant times, defendant Glasco was the agent, servant, and employee of defendants Glasco Trucking and KLB and acting within the course and scope of his employment, such that defendant Glasco's conduct is imputed to defendants Glasco Trucking and KLB, under the theory of respondeat superior.

68. The plaintiff alleges last clear chance as a counter and defense to all allegations of contributory negligence asserted by the defendants.

## VIII.
## SUDDEN EMERGENCY

69. Plaintiff incorporates the allegations contained in the paragraphs 1 through 68 as if fully set out herein.

70. In anticipation of the defendants' allegation of contributory negligence alleged against the plaintiff, plaintiff does hereby assert the Doctrine of Sudden Emergency.

71. The mechanical failure of the vehicle that plaintiff was driving was a sudden emergency.

72. The plaintiff reacted by turning his flashing warning lights on to alert

drivers that the vehicle he was driving was experiencing mechanical problems.

73. The plaintiff's conduct was reasonable and prudent under the circumstances.

74. The plaintiff was not negligent in his operation of the motor vehicle at the time of the collision with the tractor trailer driven by defendant Glasco.

75. The plaintiff alleges sudden emergency as a counter and defense to all allegations of contributory negligence asserted by the defendants.

## IX.
## GROSS NEGLIGENCE AND RECKLESS CONDUCT OF THE DEFENDANT AS A BAR TO CONTRIBUTORY NEGLIGENCE CLAIM

76. Plaintiff incorporates the allegations contained in the paragraphs 1 through 75 as if fully set out herein.

77. In anticipation of the defendants' allegation of contributory negligence alleged against the plaintiff, plaintiff does hereby assert that the defendant acted with reckless disregard for the rights and safety of others, and/or that the defendant was grossly negligent and/or wantonly and willfully negligent in causing the collision with and injury to the plaintiff.

78. The plaintiff was not negligent.

79. The conduct of the defendant Glasco is imputed to the defendants KLB and Glasco Trucking.

80. The defendants' reckless conduct, gross conduct, and/or wanton and

willful conduct, bars any claim of contributory negligence against the plaintiff.

# X.
# JURY DEMAND

81. Plaintiff Requests Trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court that:

1. Plaintiff have and recover from, and judgment be entered against, defendant Glasco for compensatory and punitive damages in an amount to be determined by a jury, but in any event an amount in excess of twenty-five thousand dollars ($25,000.00).

2. Plaintiff have and recover from, and judgment be entered against, defendant Glasco Trucking for compensatory damages in an amount to be determined by a jury, but in any event an amount in excess of twenty-five thousand dollars ($25,000.00).

3. Plaintiff have and recover from, and judgment be entered against, defendant KLB for compensatory damages in an amount to be determined by a jury, but in any event an amount in excess of twenty-five thousand dollars ($25,000.00).

4. That the compensatory damages award be assessed jointly and severally among the defendants.

5. That the costs of this action be taxed against defendants.

6. For pre and post-judgment interest as provided by law.

7. For a trial by jury on all issues that are so triable.

8. That Plaintiff be granted all other relief, both legal and equitable, that the Court deems just and proper.

This the 6th day of February 2022.

                                           Ralph Bryant Law Firm

                                           /s/ Ralph T. Bryant, Jr.
                                           Ralph T. Bryant, Jr.
                                           (N.C. State Bar No. 18119)
                                           313 Clifton St., Suite F
                                           Greenville N.C. 27858
                                           P.O. Box 723
                                           Newport, North Carolina 28570
                                           Phone: (252) 626-3267
                                           Fax: (252) 294-1624
                                           ralphbryant@ralphbryantlawfirm.com
                                           www.ralphbryantlawfirm.com